James F. Kahn - 003063
Krystal M. Ahart - 029358
**KAHN & AHART, PLLC**
**BANKRUPTCY LEGAL CENTER™**
301 E. Bethany Home Rd., Suite C-195
Phoenix, AZ 85012-1266
Phone: 602-266-1717
Fax: 602-266-2484
Email: James.Kahn@azbk.biz
Email: Krystal.Ahart@azbk.biz
Attorneys for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JAZI KAT, LLC,<br>JAZI KAT 4659 ROCKRIDGE, LLC,<br><br>　　　　　Debtors and<br>　　　　　Debtors-in-Possession. | In Proceedings Under Chapter 11<br><br>Case No.: 2:24-bk-01626-MCW<br><br>Jointly Administered with:<br>Case No.: 2:24-bk-01627-MCW |
| This filing applies to:<br><br>☐ Both Debtors<br>☐ Jazi Kat, LLC (only)<br>☒ Jazi Kat 4659 Rockridge, LLC (only) | |
| JAZI KAT 4659 ROCKRIDGE, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANOD CARE SERVICES LLC, ANOD CARE SERVICES, INC., and MICHELLE CAMPUZANO,<br><br>　　　　　Defendants. | Adversary No. 2:24-ap-00076-MCW<br><br>**EMERGENCY APPLICATION FOR ORDER TO SHOW CAUSE FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY** |

Jazi Kat 4659 Rockridge, LLC, the Debtor and Plaintiff in this proceeding ("Jazi" or "Plaintiff"), respectfully requests entry of an Order requiring ANOD Care Services, Inc. (aka ANOD Care Services LLC) to appear and show cause why it should not be held in contempt of court and sanctioned

## I. PARTIES

1. Plaintiff is a Limited Liability Company, authorized to do business in the State of Arizona.

2. Plaintiff is the Chapter 11 Debtor in the underlying bankruptcy.

3. Defendant ANOD Care Services, Inc., is a corporation authorized to do business in the State of Arizona.

4. Defendant ANOD Care Services LLC is an unregistered tradename used by Michelle Campuzano; Defendant ANOD Care Services, Inc. is, upon information and belief, the entity occupying Plaintiff's commercial property. ANOD Care Services LLC and ANOD Care Services, Inc., are collectively referred to herein as "ANOD."

5. According to the Arizona Corporation Commission, ANOD's Statutory Agent is Hurre Koje. Mr. Koje is also the Chief Financial Officer and Director of ANOD.

6. Defendant Michelle Campuzano is the Chief Executive Officer of ANOD.

## II. FACTUAL BACKGROUND

7. Plaintiff owns commercial real property located at 5314 North 7th Street, Phoenix, Arizona 85014 (the "Property").

8. The Property is property of this Bankruptcy Estate.

9. On or about June 9, 2023, Plaintiff proposed to enter into a Standard Multi-Tenant Office Lease with ANOD (the "Proposed Lease") pertaining to the Property.

10. A copy of the Proposed Lease is attached.

11. The Proposed Lease provided that ANOD would pay a total of $35,000.00 upon execution of the Lease.

12. ANOD paid Plaintiff $10,000.00 upon execution of the Proposed Lease, but failed to pay the remaining $25,000.00.

13. The Proposed Lease provided that ANOD would pay rent to Plaintiff of $25,000.00 per month during the first year, but Plaintiff has received no rent payments.

14. According to the Proposed Lease, the "Original Term" was to commence "15 days following the receipt of proper licensing from the appropriate agencies for Lessee to operate within the premises."

15. Upon information and belief, the proper licensing was not obtained and, thus, the Lease Term never commenced.

16. Despite the lack of proper licensing, Plaintiff granted ANOD access to the Property.

17. ANOD has had exclusive access to the Property for no less than ten (10) months.

18. Plaintiff has sought and obtained authority from this Court to sell the Property (see Admin dkt #59); the closing date is scheduled for April 23, 2024.

19. Plaintiff was informed and believed that ANOD would vacate the Property voluntarily prior to the closing date, so the sale of the Property could proceed to conclusion in a timely manner, but ANOD has failed and/or refused to vacate.

20. Prior to filing this Adversary, Plaintiff's counsel sent a letter to ANOD, with copies to Michelle Campuzano and Hurre Koje, demanding that ANOD vacate the premises forthwith, but no response has been received.

21. ANOD has failed and refused to deliver possession of the Property to Plaintiff, despite demand, and is thus exercising control over property of the estate.

Page 3 of 5

24109.d49b Appl for OSC.docx

Case 2:24-ap-00076-MCW    Doc 4    Filed 04/18/24    Entered 04/18/24 11:22:35    Desc
Main Document    Page 3 of 5

22. The ongoing violation shows a total indifference to the bankruptcy laws and the automatic stay.

### III. DAMAGES

23. Plaintiff will suffer significant harm if ANOD fails to vacate the Property prior to the scheduled sale closing date of April 23, 2024.

24. The Court has approved the sale to the buyer at $4,800,000.00; the next highest inquiry from a prospective purchaser was $800,000.00 less.

25. If the current buyer walks away from the sale due to ANOD's refusal to vacate the Property and return control of property of the Bankruptcy Estate to the Plaintiff, damages will be in excess of $800,000.00.

### IV. VIOLATIONS FOR THE INTENTIONAL DISREGARD OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362 AND 105

26. Bankruptcy Code § 362 provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

27. Bankruptcy Code § 541 provides that property of the estate encompasses all legal or equitable interests of the debtor in property as of the commencement of the case.

28. The Property is clearly property of this Bankruptcy Estate, and should not be under the control of ANOD.

29. Bankruptcy Code Section 105 provides "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105 empowers the Bankruptcy Court to remedy violations of the Automatic Stay.

Page 4 of 5
24109.d49b Appl for OSC.docx
Case 2:24-ap-00076-MCW    Doc 4    Filed 04/18/24    Entered 04/18/24 11:22:35    Desc
Main Document    Page 4 of 5

1.  30. The court has the power to sanction parties for violations of statute, rule, and order, pursuant to its inherent authority and pursuant to 11 U.S.C. § 105. <u>Dyer v. Lindblade</u>, 322 F.3d 1178, 1190-1191 & 1196 (9th Cir. 2003). The Court is not required to find malicious intent or other improper motive – it is enough that the law or rule or order is clear and that the alleged contemnor intended the acts violating the law, rule or order. <u>Id</u>., at 1191.

## V. ORDER TO SHOW CAUSE RELIEF

WHEREFORE, Plaintiffs respectfully request entry of an Order requiring ANOD to show cause why it should not be held in contempt for violating the automatic stay, awarding damages and attorneys' fees to Plaintiff, and for such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 18th day of April, 2024.

                    KAHN & AHART, PLLC
                        BANKRUPTCY LEGAL CENTER™

                    /s/ Krystal M. Ahart, SBN029358
                    Krystal M. Ahart
                    Attorney for Plaintiff

Page 5 of 5
24109.d49b Appl for OSC.docx
Case 2:24-ap-00076-MCW    Doc 4    Filed 04/18/24    Entered 04/18/24 11:22:35    Desc
Main Document    Page 5 of 5